**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CS-360, LLC                                      )
502 McCormick Drive                              )
Suite K                                          )
Glen Burnie, MD 21061                            )
                                                 )
   Plaintiff                      )
                                                 )
v.                                               )  Civil Case No. 1:13-cv-57
                                                 )
UNITED STATES SMALL BUSINESS                     )
 ADMINISTRATION                             )
409 – 3rd Street, S.W.                      )
Washington, D.C. 20416                           )
                                                 )
                                                 )
   Defendant                      )
                                                 )
_____)

**COMPLAINT FOR DECLARATORY JUDGMENT**

  COMES NOW Plaintiff, CS-360, LLC, ("CS-360" or "Plaintiff"), by and through

undersigned counsel, who files this complaint and states as follows:

**I**

**NATURE OF THE ACTION**

  1.  This is an action appealing a final decision of the U.S. Small Business Administration

("SBA"), a federal agency, in which Plaintiff seeks judicial review of a ruling by the SBA's

Office of Hearings and Appeals ("OHA") in which OHA failed to consider an administrative

appeal filed by Plaintiff from a size determination of the SBA's Area Office which found that

Plaintiff was "other than small" for any size standard under $16 million.   Plaintiff's appeal to

OHA asserted that the size determination  conducted by the Area Office was based on a clearly

erroneous finding that CS360 was affiliated with another company due to a supposed "identity of

interest."   The Area Office's determination was conducted pursuant to a request by the U.S.

Department of Veterans Affairs ("VA").  The VA made the request for a size determination

retroactively, i.e. nearly two years after it had given an initial and final denial to Plaintiff's

application for verification  of its Service Disabled Veteran Owned Small Business ("SDVOSB")

status.  In fact the VA only requested a size determination from the SBA's Area Office after

Plaintiff filed a civil action against the Federal agency with this Court (U.S. District Court for the

District of Columbia) requesting that the VA's denials of Plaintiff's Service Disabled Veteran

Owned Small Business ("SDVOSB") verification application be vacated because they were

arbitrary, capricious and contrary to law.   This Court remanded the denials back to the VA for a

satisfactory explanation of its denials of CS360's SDVOSB applications and that case is still

pending.

    2.  During the VA's consideration of Plaintiff's SDVOSB application (November 2009 –

November 2010), the Agency made no request to the SBA for a size determination of CS360.

Since the request for a size determination was made retroactively, Plaintiff argued that the

federal size regulations in effect during the time that CS360's SDVOSB application was under

consideration by the VA should apply to the size appeal.  Under such regulations, Plaintiff would

have had 30 days after the Area Office's size determination ruling to file an appeal with OHA.

Plaintiff timely filed its appeal to OHA pursuant to such regulations.  Under the current

regulations, however, adopted in March 2011, Plaintiff would have been required to file its

appeal 15 days after the Area Office's size determination ruling.

3.  OHA dismissed CS360's appeal, however, as untimely filed, and as a result did not consider Plaintiff's appeal from the Area Office's clearly erroneous size determination ruling that CS360 is improperly affiliated with another company.

4.  In its size appeal to OHA Plaintiff first asserted that at the time the Area Office notified Plaintiff that it was conducting a size determination, the Area Office failed to notify CS360 that it was considering that Plaintiff was affiliated with another company pursuant to an "identity of interest." Thus, CS360 had no opportunity to rebut the Area Office's determination to the Area Office, as allowed by 13 CFR § 121.103(f).  The Area Office ruled in Plaintiff's favor on all assertions that were made by the VA.  Although the Area Office found in the VA's favor on the allegation of "totality of the circumstances," such finding was primarily based upon the identity of interest issue, which Plaintiff was not given the opportunity to rebut.

5.  A finding of identity of interest is appropriate only where "[i]ndividuals or firms that have identical or substantially identical business or economic interests (such as family members, individuals or firms with common investments, or firms that are economically dependent through contractual or other relationships) may be treated as one party…" 13 C.F.R. § 121.103(f). However, the other company owns no part of CS360 and CS360 owns no part of the other company. There are no family relationships between the two companies. The majority owner of CS360 owns no part of the other company and has never worked for the other company.  He has no common investments with the other company or with any of the owners of the other company.  Even in its Size Determination, the Area Office acknowledges that "[t]here has been no subcontracting between the CS360"and the other company, and also conceded that "economic dependence is not cited as a basis for an identity of interest between the two firms."

6. CS360's majority owner has never been an employee, officer or member of the other company. The only business relationship between the companies is the one spelled out in a Mentor-Protégé Agreement approved by the Department of Homeland Security ("DHS"). The other company provides no indemnifications to CS360 for bid and performance bonds. Plaintiff pursues opportunities independent of the other company and any assistance that CS360's mentor might have provided was consistent with the Mentor-Protégé Agreement which was approved by DHS. The other company does not receive profits from CS360 under the Mentor Protégé Agreement. The common investment in CS360 by its majority owner and some members of the other company is not, by itself, sufficient to create an identity of interest.

7. The SBA Area Office was clearly erroneous in its size determination that CS360 was affiliated with the other company through an identity of interest. However, OHA never ruled on the size appeal because OHA arbitrarily and capriciously dismissed CS360's size appeal.

8. Thus, Plaintiff seeks a declaratory ruling from this Court that OHA's dismissal of CS360's administrative appeal was arbitrary and capricious. Plaintiff also seeks a remand of this matter to OHA for a decision on the substantive issue of whether CS360 is affiliated with another company. In addition Plaintiff seeks monetary damages.

## II

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter because: the case involves an issue involving a federal statute; the case involves a matter under the Constitution of the United States pursuant to 28 U.S.C. § 1331; geographical diversity exists between the parties; it is a matter involving an agency of the federal government; Plaintiff requests a declaratory judgment pursuant to 28 U.S.C. § 2201(a) ("In a case of actual controversy within its

jurisdiction, ... any court of the United States ... may declare the rights and other legal

relations of any interested party seeking such declaration, whether or not further relief is or

could be sought.").  Venue is proper under 28 U.S.C .A. § 1391(e) because the Defendant, an

agency of the United States, resides in this district and the cause of action arose in this

district.

## III

## PARTIES

4.  Plaintiff CS-360 is a limited liability company organized under the laws of the State of

Delaware with its principal place of business in the State of Maryland.  CS-360's principle

business office is located at 502 McCormick Drive, Suite K, Glen Burnie, MD 21061.  CS-360 is

in the business of providing construction services, primarily in the field of construction

consulting and management.

5.  The U.S. Small Business Administration ("SBA") is an agency of the United States

Government, located at 409 – 3rd Street, S.W., Washington, D.C.  20416.

## IV

## BACKGROUND

6.  In January 2011 CS360 filed a lawsuit against the VA in the U.S. District Court for

the District of Columbia alleging that the VA's denials of CS360's SDVOSB application were

arbitrary and capricious and should be vacated and reversed.

7.   In March 2012, after considering cross-motions for summary judgment by both

parties, the Court, in its Memorandum Opinion, remanded CVE's denials back to the VA for

failure to provide a satisfactory contemporaneous explanation for its decision to deny CS360's

application for inclusion in the VETBIZ VIP database.  *See CS360, LLC v. U.S. Department of Veteran Affairs,* 2012 WL 718374, (D.D.C.) *(at 25).*  The Court stated that, "[i]n this case, the defects in the VA's written decisions are so many and so significant that they affect the whole, and preclude the Court from effectively exercising its review function." *Id. at 21.* The Court further held that, "[S]imply put, on this sparse and disjointed record, the Court cannot find that the VA has 'provided a rational connection between the facts found and the choice made." *(Id.).*

8.   During the remand phase of the case the VA requested CS360 to provide updated information about its company. CS360 made clear at that time to the Court and the VA that it was not "re-applying" for verification into the VA's SDVOSB program and was standing on the application it submitted to the VA in November, 2009 and wanted a ruling on whether the VA's denials were arbitrary and capricious based upon its initial and only application submission to the VA and the Agency's reasons for denying that application. The Court agreed and stated that:

> [T]rue, as Plaintiff suggests, the Court did not remand this case to Defendant so that the agency could require Plaintiff to 're-apply per 38 C.F.R. Part 74.' Rather, the Court remanded so that Defendant could engage in 'further consideration and explanation' in connection with its disposition of Plaintiff's existing application for inclusion the VetBiz VIP database, first submitted on November 4, 2009. "

9.   The Court then ordered the VA to issue a written decision on Defendant's existing application for inclusion in the VetBiz VIP Database by no later than August 13, 2012.   Prior to August 13, 2012 and before informing CS360 or the Court, the VA requested a Size Determination of CS360 from the SBA in a letter dated July 19, 2012.   Once again, the VA did not request a size determination during the time of its consideration of CS360's November 2009 application.   Yet it told the SBA, in spite of the Court's afore-mentioned Order, that CVE "[r]eviewed CS 360s latest application dated July 13, 2012." *Id.*   However, CS360 did *not* "re-

apply" for SDVOSB verification from the VA and, as stated above, was standing on its existing application on which the Court matter was about.

10.   The Area Office stated in its Notice of Size Determination Request that "[T]he Small Business Administration (SBA) must make a determination of the size of your business as of the date of your business' self-certification for inclusion into the VIP database which was July 12, 2012.   However, we note that information contained in documents submitted on November 2, 2009 to the VA will be included and reviewed for this size determination." The VA had already issued a final denial of CS360's lone application for VA SDVOSB verification in November 2010 and chose not to request a size determination from the SBA while the VA was considering CS360 for SDVOSB verification during November 2009 – November 2010.

11.   Thus, in accepting the VA's request for a size determination, the Area Office's size determination "related back" to CS360's application and supportive materials submitted to the VA during November 2009-November 2010, since the VA had no jurisdiction or standing to request a size determination of CS360 at the time it requested it. The VA requested the size determination pursuant to 13 C.F.R. § 121.1001(6) which states that "[F]or purposes of determining compliance with small business requirements of another Government agency program not otherwise specified in this section, an official with authority to administer the program involved may request a formal size determination."   As previously stated, however, the VA had already issued a final denial of CS360's application in 2010 and did not request a size determination when it had the appellant's application under its consideration.

12.   In accepting the VA's size determination request the SBA chose to perform a retroactive size determination based upon CS360 SDVOSB application submitted and considered

by the VA during the 2009-2010 time period. During that time the applicable regulation for filing timely appeals for this type of case was 13 C.F.R. 134.304(a)(2), which stated that "[I]f the appeal is from a size determination other than one in a pending procurement or pending Government property sale, the appeal petition must be filed and served within 30 days after appellant receives the size determination…"

13.    CS360 submitted this appeal petition 30 days from the date Appellant's representative received the Area Office's size determination on September 26, 2012.   The appeal petition is, thus, timely.  To retroactively apply the existing regulation for timely appeals, which is 15 days from receipt of the application, would be an impermissible retroactive application of a regulation.

14.   In an Order dated November 15, 2012, however, the SBA's OHA dismissed Plaintiff's appeal.  According to OHA, Plaintiff's case is not one of retroactive application of a regulation and that, thus, there is no question of retroactively applying a regulation.   OHA erroneously held that all of the actions concerning the size determination of Plaintiff took place after the effective date of the new regulations.  However, OHA's conclusion is clearly erroneous. Every incident that the SBA Area Office based its size determination upon happened from November 2009 – November 2010, long before the new regulation took effect in March 2011 and long *after* VA had denied CS360's application for SDVOSB verification.

## COUNT ONE – ARBITRARY, CAPRICIOUS AND CONTRARY TO LAW

15. CS360 relleges Paragraphs 1-14 as if set forth fully herein.

16.  By dismissing Plaintiff's size appeal, SBA's OHA acted arbitrarily and capriciously. The facts of the SBA Area Office's determination were clearly based on an SDVOSB

verification application that was made by Plaintiff to the VA in November 2009 and denied in a final decision by the VA in November 2010.  Plaintiff filed a Complaint in federal court to vacate that denial.   After the district court remanded the case back to the VA for a satisfactory explanation, the VA then  requested the SBA Area Office to conduct a retroactive size determination over an application that VA had denied nearly two years earlier and no longer had jurisdiction of the issue.  Since the SBA *retroactively* conducted a size determination and found against Plaintiff, OHA should have afforded the right or opportunity to Plaintiff to appeal the size determination under the regulations that were in effect during the time Plaintiff's VA SDVOSB verification application was being considered by VA.  For OHA to rule that this was not a "retroactive" size determination under these circumstances was arbitrary and capricious.

## COUNT TWO – VIOLATION OF STATUTE OR REGULATION

17.  CS360 realleges Paragraphs 1-16 as if set forth fully herein.

18.  In dismissing Plaintiff's size appeal, OHA violated 13 C.F.R. 134.304(a)(2), which was the regulation in effect at the time that Plaintiff's SDVOSB verification application was being considered.  Plaintiff complied with that regulation and its size appeal should not have been dismissed.

## IMPACT OF GOVERNMENT ACTIONS

19.  CS360 realleges paragraphs 1-18 as if set forth fully herein.

20.  The impact of the SBA-OHA's actions is prejudicial to Plaintiff and improperly denies Plaintiff the ability to have the substance of its size appeal ruled upon.  Plaintiff asserts that the SBA's size determination that CS360 is "other than small" due "identity of interest" is clearly erroneous.  If OHA does not rule on the substance of Plaintiff's size appeal, the SBA's clearly erroneous size determination that Plaintiff is "other than small"

will stand, thereby prohibiting Plaintiff and will compromise Plaintiff's position in its

current case against the VA within this Court.  Moreover, if the size determination is

permitted to stand, Plaintiff is unable to compete for small business set-aside contracts

throughout the Federal government as an SDVOSB or a small business.

### **REQUEST FOR RELIEF**

WHEREFORE, CS360 respectfully requests that this Court:

a)      Enter a Declaratory Judgment  setting aside or vacating the November 15,

2012 Order by OHA dismissing Plaintiff's size appeal, ruling that

Plaintiff's size appeal was timely and directing OHA to consider the

substance of Plaintiff's size appeal;

b)      Attorney fees and costs for maintaining this action pursuant to the Equal

Access to Justice Act, 28 U.S.C. § 2412;

c)      Such other relief as this Court deems appropriate.


Date:  January 14, 2013                 Respectfully submitted,

/s/ Ralph C. Thomas III
_____
Ralph C. Thomas III #256974
**Barton Baker Thomas & Tolle LLP**
1320 Old Chain Bridge Road, Suite 440
McLean, VA 22101
(703) 448-1810 ext. 23
Fax (703) 448-3336

Attorney for Plaintiff