UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CS-360, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>　　　　Defendant. | Civil Action No. 13-0057 (CKK) |

MEMORANDUM OPINION
(November 11, 2013)

Plaintiff CS-360, LLC ("CS-360" or "Plaintiff") brings this action against Defendant United States Small Business Administration ("Defendant" or "SBA") seeking a declaratory judgment setting aside or vacating the November 15, 2012 Order by the Office of Hearing Appeals of the United States Small Business Administration ("OHA") dismissing as untimely Plaintiff's appeal of the size determination conducted by the Small Business Administration. Presently before the Court are Defendant's [14] Motion for Summary Judgment and Plaintiff's [15] Cross-Motion for Judgment on the Record. Upon consideration of the parties' submissions,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS

---

[1] While the Court renders its decision on the record as a whole, its consideration has focused on the following documents: Def.'s Mot. for Summ. J., ECF No. [14] ("Def.'s MSJ"); Mem. in Supp. of Def.'s Mot. for Summ. J., ECF No. [14-2] ("Def.'s Mem."); Pl.'s Cross-Mot. for J. on the Record, Mem. of P. & A. and Appendix, ECF No. [15] ("Pl.'s MSJ"); Def.'s Opp'n to Pl.'s Mot. for Summ. J., ECF No. [18] ("Pl.'s Opp'n"); Pl.'s Cross-Opp'n to Def.'s Mot. for Summ. J., ECF No. [19] ("Pl.'s Opp'n"); Def.'s Reply in Supp. of Mot. for Summ. J., ECF No. [20] ("Def.'s Reply"); Pl.'s Cross-Reply to Def.'s Opp'n to Pl.'s Mot. for Summ. J., ECF No. [21] ("Pl.'s Reply"); Administrative Record, ECF No. [13] ("AR SBA").

Defendant's [14] Motion for Summary Judgment, and DENIES Plaintiff's [15] Cross-Motion for Judgment on the Record.

## I. BACKGROUND

In November 2009, CS-360, LLC applied to the Department of Veterans Affairs ("VA") for certification as a Service Disabled Veteran Owned Small Business ("SDVOSB"). *See CS-360, LLC v. U.S. Dep't of Veteran Affairs*, 846 F.Supp.2d 171, 175 (D.D.C. 2012). The VA denied Plaintiff's application, and in January 2011, Plaintiff filed a lawsuit in this Court challenging the VA's denials as arbitrary and capricious. *Id.* at 183-84. On March 6, 2012, this Court remanded the issue to the VA for further consideration and explanation. *Id.* at 197. The Court's remand Order stated that "[w]here, as here, the district court cannot evaluate the challenged action on the basis of the record presented, and the agency may be able to cure any defects through further action, the proper course is to remand to the agency for additional investigation or explanation." *Id.* at 192. The Court further made clear that "[o]n remand, the VA shall have the discretion to reopen the administrative record, to engage in additional fact-finding, to supplement its explanation, and to reach the same or a different ultimate conclusion." *Id.* In a subsequent Order, this Court clarified the extensive scope of this remand to the VA, explaining that although it "did not remand the case to Defendant so that the agency could require Plaintiff to re-apply per 38 CFR Part 74'" the Court's remand Order "unambiguously provided" Defendant the freedom "to request updated information relevant to Plaintiff's eligibility for inclusion in the VetBiz VIP database. In other words, Defendant may re-open the administrative record to collect evidence that speaks to current circumstances." AR SBA 0102. "Nothing in the Court's remand Order precludes Defendant from seeking such information." *Id.*

On July 19, 2012, pursuant to these Orders, the VA formally requested a small business size determination of CS-360 from the U.S. Small Business Administration (SBA). AR SBA 0105-0108. On September 25, 2012, SBA's Office of Government Contracting Area II issued its size determination finding Plaintiff to be other than small for any size standard below $16 million. AR SBA 0065-0078. Plaintiff received SBA's size determination on September 26, 2012. AR SBA 0035.

On October 26, 2012, Plaintiff filed an appeal of this size determination before SBA's Office of Hearings and Appeals ("OHA"). AR SBA 0032-0044. On November 1, 2012, OHA issued an Order to Show Cause as to why Plaintiff's appeal should not be dismissed as untimely under 13 C.F.R. § 134.304(a) because it was not filed within fifteen days after the date CS-360 received the size determination. AR SBA 0014. Appeals from SBA size determinations are governed by 13 C.F.R. § 134.304(a), which states that "[s]ize appeals must be filed within 15 calendar days after receipt of the formal size determination." Pursuant to 13 C.F.R. § 134.304(c), "[a]n untimely appeal will be dismissed." This regulation became effective on March 4, 2011 after opportunity for notice and comment. 76 Fed. Reg. 5680, 5685 (Feb. 2, 2011). Prior to March 4, 2011, SBA's regulations provided that "[i]f the appeal is from a size determination other than one in a pending procurement or pending Government property sale, then the appeal petition must be filed and served within 30 days after appellant receives the size determination." 13 C.F.R. § 134.304(a)(2) (2009) (amended 2011).

On November 8, 2012, Plaintiff filed a response to the OHA's Order to Show Cause, arguing that its appeal was timely because OHA should have applied the regulation in existence during the time period when Plaintiff submitted its application to the VA, which allowed thirty days to file an appeal. AR SBA 0007-0012. Plaintiff contended that applying the current

3

regulation to its appeal would represent a retroactive application of this rule because Plaintiff submitted its application to the VA in 2009, before the regulation took effect. AR SBA 0007. Under Plaintiff's view, the request for the size determination, although made in 2012, was effectively a retroactive request to 2009-2010, because such a determination should have properly been made as part of Plaintiff's initial (and only) application to the VA. *Id.* Accordingly, Plaintiff contended, it should receive the benefit of the thirty day time limit for appeals in effect prior to 2011. *Id.*

On November 15, 2012, OHA issued an Order dismissing Plaintiff's Appeal Petition as untimely. AR SBA 0002-0005. The OHA decision concluded that despite Plaintiff's claims, application of the fifteen day time limit for appeals contained in 13 C.F.R. § 134.304(a)(2) would not represent the retroactive application of a regulation. *Id.* On this point, the Administrative Law Judge concluded:

> While Appellant argues that VA should have referred this matter for a size determination in 2009 or 2010, the fact remains that the VA did not do so. The VA formally requested the size determination on July 19, 2012. The Area Office issued the size determination on September 25, 2012, and Appellant received it on September 26th. Therefore, in no way can the instant size determination be said to be a transaction that was completed or pending on March 4, 2011. All the actions concerning the size determination, from the VA's request for it to the Area Office's investigation to the issuance of the determination, took place in 2012, long after the March 4, 2011 effective date of the new OHA regulation on the commencement of size appeals. None of these actions took place prior to March 4, 2011, nor were any of them pending on March 4, 2011. Therefore the procedural regulations which became effective on March 4, 2011 apply to the instant appeal. Under those regulations, Appellant had fifteen days to file this appeal, a deadline it failed to meet.

AR SBA 0004. Subsequently, Plaintiff filed this suit, arguing that the OHA's decision to dismiss its appeal of the size determination as untimely was arbitrary, capricious, and contrary to law because it applied the current regulation to the size appeal instead of the regulation in effect during the 2009 time period. The parties have now filed cross-motions for summary judgment.

4

## II. LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." However, "when a party seeks review of agency action under the APA [before a district court], the district judge sits as an appellate tribunal. The 'entire case' on review is a question of law." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). Accordingly, "the standard set forth in Rule 56[] does not apply because of the limited role of a court in reviewing the administrative record. . . . Summary judgment is [] the mechanism for deciding whether as a matter of law the agency action is supported by the administrative record and is otherwise consistent with the APA standard of review." *Southeast Conference v. Vilsack*, 684 F.Supp.2d 135, 142 (D.D.C. 2010).

A reviewing court can set aside agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," or "without observance of procedure required by law." 5 U.S.C. §§ 706(2)(A), (C), (D). An agency's decision may be arbitrary or capricious if any of the following apply: (i) its explanation runs counter to the evidence before the agency or is so implausible that it could not be ascribed to a difference of view or the product of agency expertise; (ii) the agency entirely failed to consider an important aspect of the problem or issue; (iii) the agency relied on factors which Congress did not intend the agency to consider; or (iv) the decision otherwise constitutes a clear error of judgment. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983); *accord Jicarilla Apache Nation v. U.S. Dep't of Interior*, 613 F.3d 1112, 1118 (D.C. Cir. 2010). This standard of review is highly deferential to the agency; a court need not find that the

agency's decision is "the only reasonable one, or even that it is the result [the court] would have reached had the question arisen in the first instance in judicial proceedings." *Am. Paper Inst., Inc. v. Am. Elec. Power Serv. Corp.*, 461 U.S. 402, 422, 103 S.Ct. 1921, 76 L.Ed.2d 22 (1983).

Plaintiff, as the party challenging the agency action, bears the burden of proof. *Abington Crest Nursing & Rehab. Ctr. v. Sebelius*, 575 F.3d 717, 722 (D.C. Cir. 2009) (*citing City of Olmsted Falls v. Fed. Aviation Admin.*, 292 F.3d 261, 271 (D.C. Cir. 2002)). In assessing the merits of Plaintiff's challenge, the Court begins with the presumption that the Commission's actions were valid. *Grid Radio v. Fed. Commc'ns Comm'n*, 278 F.3d 1314, 1322 (D.C. Cir. 2002). So long as the agency decision has some rational basis, the Court is bound to uphold it. *Hosp. of Univ. of Penn. v. Sebelius*, 634 F.Supp.2d 9, 13 (D.D.C. 2009) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971)).

### III. DISCUSSION

Plaintiff argues that the OHA decision denying its appeal as untimely was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" for two reasons. First, Plaintiff contends that, by rejecting the argument that application of the thirty day rule represents retroactive application of the provision, the OHA "entirely failed to consider an important aspect of the problem and offered an explanation for the decision that runs counter to the evidence before the agency," *State Farm*, 463 U.S. at 43. Pl.'s MSJ at 9. Next, Plaintiff asserts that, in dismissing Plaintiff's appeal as untimely, the OHA violated the prior version of 13 C.F.R. § 134.304(a), providing a thirty day time limit to file an appeal. Pl.'s MSJ at 14-16.

Yet, although stated as two separate grounds for setting aside the agency action, these contentions resolve to a single argument. Just as it argued in its response to the OHA's Order to Show Cause, Plaintiff now contends before this Court that because the request for the size determination to the VA was retroactive to the initial review of Plaintiff's application in 2009

6

and 2010, Plaintiff should enjoy the benefit of procedural regulations governing the time for appeal during these years. Elaborating on this argument, Plaintiff asserts that because the VA had issued a final denial of its only application for SDVOSB verification in November 2010, no application was pending before the VA at the time of the size determination. Pl.'s Opp'n at 2. Accordingly, Plaintiff contends, the size determination must logically relate back to the original application. And since this original application closed in November 2010, prior to the effective date of the fifteen day time limit for appeals, Plaintiff should have been given thirty days to file its appeal.

Admittedly, "[w]hat is and what is not a retroactive application of the law is not always easy to discern." *Cookeville Regional Medical Ctr. v. Leavitt*, 531 F.3d 844, 847 (D.C. Cir. 2008). Yet, as the Supreme Court has explained, "[a] statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment, or upsets expectations based on prior law." *Landgraf v. USI Film Products*, 511 U.S. 244, 269, 113 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (internal citations omitted). "The conclusion that a particular rule operates 'retroactively' comes at the end of a process of judgment concerning the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event." *Id.* Courts are instructed to make "a commonsense, functional judgment about 'whether the new provision attaches new legal consequences to events completed before its enactment.'" *INS v. St. Cyr*, 533 U.S. 289, 321, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (quoting *Martin v. Hadix*, 527 U.S. 343, 357-58, 119 S.Ct. 1998, 144 L.Ed.2d 347 (1999) (quoting *Landgraf*, 511 U.S. at 270)).

Here, despite the general complexity involved in questions of retroactivity, the Court has little difficulty in concluding that OHA correctly determined that application of the fifteen day

time limit to Plaintiff does not constitute retroactive application of the law. The Court need not engage in an intensive analysis of retroactivity here, *see Landgraf*, 511 U.S. at 269, because simply put, Plaintiff's argument for retroactivity is founded on a faulty premise. The notion that Plaintiff's size determination relates back to its initial application to the VA and accordingly must be treated as if it occurred in 2009 and 2010 is contradicted by the text of this Court's remand Orders.

In its March 6, 2012 remand Order, this Court stated "[o]n remand, the VA shall be free to exercise its discretion to reopen the administrative record, to engage in additional fact-finding, to supplement its explanation, and to reach the same or a different ultimate conclusion." *CS-360*, 846 F.Supp.2d at 197. Accordingly, contrary to Plaintiff's contentions, its application to the VA for SDVOSB verification was plainly not closed. Indeed, Plaintiff's contention that no application was pending before the VA in 2012 when it requested the size determination from the SBA is flatly incorrect. The Court made as much clear when it stated that it was *not* requiring Plaintiff to re-apply for certification. AR SBA 0102. Rather, the remand provided the VA an opportunity to *re-open* the administrative record on the existing application and add additional factual information based on current circumstances. *Id.* "Defendant remains free to request updated information relevant to Defendant's eligibility," the Court stated. *Id.* "Defendant may re-open the administrative record to collect evidence that speaks to current circumstances." *Id.* The Court was remanding not simply for additional "explanation" but rather more broadly for additional "consideration" pursuant to which the VA could ultimately "reach the same *or a different* ultimate conclusion." *CS-360*, 846 F.Supp.2d 197 (emphasis added). Accordingly, Plaintiff is incorrect in claiming that the remand was strictly circumscribed and related back only to the 2009 and 2010 initial review of a since-closed application. This Court's

8

remand Order did not send the parties back in time in order to conduct a more adequate review of Plaintiff's application. Rather than strictly retrospective and hypothetical, the remand was explicitly prospective, permitting the VA to supplement the administrative record concerning Plaintiff's application with new information "that speaks to current circumstances." AR SBA 0102. Accordingly, Plaintiff's suggestion that the subsequent size determination should be treated *as though* it occurred in the 2009-2010 period is unavailing. And in the absence of this premise, Plaintiff can no longer argue that application of the current regulation represents a retroactive application of the law.

Moreover, and crucially for the arbitrary and capricious analysis, OHA did not fail to consider these arguments. Rather, after being presented with these arguments by Plaintiff, the Administrative Law Judge correctly stated that "[w]hile Appellant argues that VA should have referred this matter for a size determination in 2009 or 2010, the fact remains that the VA did not do so." AR SBA 0004. As the OHA concluded, the mere fact that the size determination *should have* occurred in the 2009-2010 period does not lead to the conclusion that the size determination must be treated *as if* it had occurred in this time frame. Indeed, Plaintiff provides no case law in support of this proposition, either in this Court or in its filings before the OHA. Rather, because all of the conduct relevant for application of the rule governing size determination appeals occurred in 2012, well after the effective date for the revised 13 C.F.R. § 134.304(a), the OHA applied the current version of the regulation and dismissed Plaintiff's appeal as untimely. The Court concludes that this decision was not arbitrary or capricious.

Furthermore, *even assuming* Plaintiff were correct that the size determination "relates back" to the VA's initial 2009-2010 consideration of its application – a proposition this Court rejects – it would still grant summary judgment to Defendant. The principles underlying the

9

presumption against retroactive application of laws are not offended by the application of this procedural rule here. In describing the basis for the presumption against retroactivity, the Supreme Court has stated that, "[e]lementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly . . . ." *Landgraf*, 511 U.S. at 265. "The presumption against retroactivity exists to protect settled expectations." *Cookeville Regional Medical Ctr.*, 531 F.3d at 847. "The aim of the presumption is to avoid unnecessary *post hoc* changes to legal rules on which parties relied in shaping their primary conduct." *Austria v. Altmann*, 541 U.S. 677, 696, 124 S.Ct. 2240, 159 L.Ed.2d 1 (2004). Courts considering whether application of a provision raises retroactivity concerns "should be informed and guided by 'familiar considerations of fair notice, reasonable reliance, and settled expectations.'" *Martin*, 527 U.S. at 358 (quoting *Landgraf*, 511 U.S. at 270).

Consequently, in light of "the diminished reliance interests in matters of procedure", "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity." *Landgraf*, 511 U.S. at 275. "Because rules of procedure regulate secondary rather than primary conduct, the fact that a new procedural rule was instituted after the conduct giving rise to the suit does not make application of the rule at trial retroactive." *Id.* at 275. While "the mere fact that a new rule is procedural does not mean that it applies to every pending case", *id.* at 275 n. 29, when it comes to rules that are "merely procedural in a strict sense (say, setting deadlines for filing and disposition), the natural expectation would be that [they] would apply to pending cases." *Lindh v. Murphy*, 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (internal citations omitted). *See also Moore v. Agency for Intern. Development*, 994 F.2d 874, 879 (D.C. Cir. 1993) ("Where a statute deals only with procedure, prima facie it applies to all actions – to those which have accrued or are

pending, and to future actions.") (quoting NORMAN J. SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION § 41.04, at 349 (4th ed. 1986)).

In assessing the retroactive effect of procedural rules, the D.C. Circuit has emphasized that "in the administrative context, a rule is retroactive if it takes away or impairs vested rights acquired under existing law, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past." *National Mining Ass'n v. Dep't of Labor*, 292 F.3d 849, 859 (D.C. Cir. 2002) (internal citations and quotation marks omitted). "The critical question is whether a challenged rule establishes an interpretation that 'changes the legal landscape.'" *Id.* (quoting *Nat'l Mining Ass'n v. Dep't of Interior*, 177 F.3d 1, 8 (D.C. Cir. 1999)). "Thus, where a rule 'changes the law in a way that adversely affects [a party's] prospects for success on the merits of the claim,' it may operate retroactively even if designated 'procedural.'" *Id.* at 860 (quoting *Ibrahim v. District of Columbia,* 208 F.3d 1032, 1036 (D.C. Cir. 2000).

Here, however, there is little concern with applying the revised version of 13 C.F.R. § 134.304(a) to Plaintiff. Indeed, this is a rule "setting deadlines for filing" – the sort of provision the Supreme Court has identified as "procedural in a strict sense." *Lindh*, 521 U.S. at 327. Despite Plaintiff's contentions, the shift from a thirty day to fifteen day deadline does not "change[] the legal landscape" or "change the law in a way that adversely affects [Plaintiff's] prospects for success on the merits of [its] claim." *National Mining Ass'n*, 292 F.3d at 859, 860. The revised provision merely shifts the time limits for filing an appeal, with no effect on the substance of Plaintiff's claims. *See Wilson v. Pena*, 79 F.3d 154, 162 (D.C. Cir. 1996) (A change in a limitations period for filing "does not alter the legal effect of any pre-amendment event" but rather "attaches legal consequences only to actions taken after the effective date of the

amendment, namely to [plaintiff's] filing or failing to file suit within a certain number of days . . . .").[2]

Furthermore, in rejecting Plaintiff's claim, the Court notes the especially weak nature of Plaintiff's reliance and fair notice interests – the concerns at stake in retroactive application of laws. The underlying size determination from which Plaintiff appealed occurred *more than a year-and-a-half after* the effective date of the revised regulation. This is not a case where Plaintiff was blindsided by a new regulation of which it lacked proper notice. Rather, Plaintiff's appeal of the size determination could not have occurred prior to the enactment of the fifteen day rule. Moreover, the Administrative Record reveals that prior to the time when its appeal was due, Plaintiff was repeatedly informed that this provision governed the timeliness of its appeal. *See* AR SBA 0077-78 ("Any person adversely affected by this decision has the right to file an appeal petition with the SBA's Office of Hearings and Appeals (OHA). The specific procedures for filing an appeal are found at 13 CFR Part 134"); AR SBA 0098 (Court Order of October 8, 2012 repeating the same). In fact, in the letter advising it of the size determination, Plaintiff was *explicitly* told that it had only fifteen days to file an appeal of the size determination. *See* AR

---

[2] Plaintiff's citation to *New York Energy Research and Development Authority v. Federal Energy Regulatory Commission*, 746 F.2d 64, 66-69 (D.C. Cir. 1984) is unavailing. In that case, the D.C. Circuit concluded that FERC's decision to deny an appeal as untimely under a new agency rule was arbitrary and capricious where the appeal would have been timely under the previous rule. *Id.* at 68. However, the case involved an express regulatory proviso which allowed application of the old rule to proceedings pending on the effective date, "where such use is warranted 'in the interest of justice.'" *Id.* Here, no such proviso exists. *See id.* at 69 ("our holding rests upon the existence of a proviso that FERC put in place and thus obligated itself to apply where application is called for."). Plaintiff points to the fact that here the revised regulation was noticed on February 2, 2011, but did not become effective until March 4, 2011 as support for the position that "all size determinations appealed from prior to March 4, 2011 . . . could be timely filed under the 30-day rule." Pl.'s MSJ at 13. Yet the Court is unpersuaded that a mere month-long gap between the date a procedural change is noticed and its effective date compels the conclusion that the rule may not be applied to pending cases. This is particularly true in light of the substantial precedent discussing the limited retroactivity concerns in applying strictly procedural provisions to pending cases.

SBA 0062 ("To be timely, an appeal must be submitted to OHA in writing within 15 days of the date of receipt of this letter."). Accordingly, even if Plaintiff's size determination "relates back" to the initial review of its application, the principles underlying anti-retroactivity would not bar the application of this procedural rule here.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Defendant's [14] Motion for Summary Judgment is GRANTED, and Plaintiff's [15] Cross-Motion for Judgment on the Record is DENIED. An appropriate Order accompanies this Memorandum Opinion.

Dated: November 11, 2013

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge